DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FLORIDA ATLANTIC UNIVERSITY BOARD OF TRUSTEES,**
Appellant/Cross-Appellee,

v.

**HARBOR BRANCH OCEANOGRAPHIC INSTITUTE FOUNDATION, INC.,**
Appellee/Cross-Appellant.

No. 4D2022-0313

[February 4, 2026]

Appeal and cross-appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Elizabeth A. Metzger, Judge; L.T. Case No. 2017CA000508.

Andy Bardos and Ashley H. Lukis of GrayRobinson, P.A., Tallahassee, and Jack R. Reiter of GrayRobinson, P.A., Miami, for appellant.

Stuart H. Singer, Sashi C. Bach, and Jesse Panuccio of Boies Schiller Flexner LLP, Fort Lauderdale, and Joseph G. Galardi, Scott W. Atherton, and Alaina B. Karsten of Atherton Galardi Mullen & Reeder PLLC, West Palm Beach, for appellee.

*ON REMAND FROM THE FLORIDA SUPREME COURT*

PER CURIAM.

This matter is before us on remand from the Supreme Court of Florida. In *Florida Atlantic University Board of Trustees v. Harbor Branch Oceanographic Institute Foundation, Inc.*, 372 So. 3d 302 (Fla. 4th DCA 2023), we addressed an appeal and cross-appeal that involved contract impairment arguments. We affirmed the trial court's determinations that (1) a statute governing direct-support organizations unconstitutionally impaired the appellee's contractual right to make all but two appointments to its board, and (2) Florida Board of Governors Regulation 9.011 did not impair the contract with respect to budget approval.

The supreme court affirmed our holding as to the budget approval issue, but disagreed with our decision on the board member

appointment/approval issue, holding no contract impairment had occurred, but even if it had occurred, it was constitutionally permissible. *See Fla. Atl. Univ. Bd. of Trs. v. Harbor Branch Oceanographic Inst. Found., Inc.*, No. SC2023-1470, 2025 WL 3481621 (Fla. Dec. 4, 2025).

Pursuant to the supreme court's opinion, we again affirm the judgment for Florida Atlantic University Board of Trustees on the appellee's cross-appeal and reverse the trial court's judgment in favor of the Harbor Branch Oceanographic Institute Foundation, Inc., on the appellant's direct appeal. We remand for the trial court to enter a final judgment consistent with the supreme court's decision.

*Affirmed in part, reversed in part, and remanded with instructions.*

MAY, CIKLIN and CONNER, JJ., concur.

\* \* \*

***No motion for rehearing shall be considered.***

2